# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KENNETH LUTZ and JANEL LUTZ, | |
| Plaintiffs, | No. C04-0078 |
| vs. | **ORDER** |
| GENERAL MOTORS CORPORATION -- PONTIAC DIVISION and TRW AUTOMOTIVE HOLDINGS CORP., | |
| Defendants. | |

_____

This matter comes before the court pursuant to plaintiffs' June 1, 2006 second motion to compel discovery against defendant General Motors (docket number 62); plaintiff' July 13, 2006 motion to compel defendant TRW VSSI (docket number 68); and plaintiffs' July 14, 2006 motion to clarify/expand scheduling order (docket number 69).

At issue in plaintiffs' motions to compel, generally speaking, is information relating to a retractor component known as a "torsion bar load limiter," which plaintiffs claim combined with the web loop component to allow for excessive slack in Mr. Lutz's seatbelt during his rollover accident. Plaintiffs claim that this excessive slack allowed Mr. Lutz to come out of his seatbelt, be ejected from his vehicle, and suffer paralysis when he struck the ground and permanently injured his spinal cord. Plaintiffs submitted interrogatories and requests for production of documents which were primarily directed at obtaining information concerning defendants' development, testing and incorporation of torsion bar load limiters (GM interrogatories 20-25, 27; requests for production 50-57; TRW interrogatories 20-24, 26; TRW requests for production 28-34). Plaintiffs also seek to discover information regarding defendants' payments to its testifying experts (GM

1

interrogatory 26; TRW interrogatory 25), and information regarding General Motors' claim that the severity of Mr. Lutz's accident was beyond the capability of a restraint system to protect him (GM interrogatories 28-29; request for production 58; TRW interrogatories 27-28; request for production 35).

GM resists plaintiffs' motion, arguing that discovery relating to the torsion bar load limiter exceeds the scope of discovery as previously set by this court, to which plaintiffs did not object, and that the torsion bar of the of the subject seatbelt was not activated in Mr. Lutz's accident, making discovery about other torsion bar retractor systems irrelevant, overbroad, and burdensome. GM further argues that discovery directed at its expert witness compensation over the last 10 years is burdensome and overbroad, and seeks information that is neither relevant to the claims at issue in this case nor reasonably calculated to lead to admissible evidence. GM states that its payments to its identified experts for work done on this case will be disclosed as part of the expert's opinion.

TRW resists plaintiffs' motion, arguing that its responses to plaintiffs' above-identified discovery requests exceed the previously defined scope of discovery, and no justification exists for expanding the scope. TRW also argues that the requests are overly broad and unduly burdensome. TRW agrees to produce information regarding payments made to its experts for work performed on this case, but contends that providing the total amount of money paid by TRW to each expert for the past 10 years is not, and is not calculated to, lead to the discovery of admissible evidence.

The court finds that information relating to the torsion bar load limiter is discoverable. Thus, GM, within 20 days of the date of this order, shall provide full and complete responses to interrogatories 20 (as drafted), 21 (from 1997 to present), 22 (1997 to present), 23 (as drafted), 25 (from 1997 to present), and 27 (from 1997 to present). GM has responded to interrogatory number 24 and plaintiffs have not specifically argued that GM's response is insufficient. Plaintiffs' motion to compel with respect to interrogatory is therefore denied. With respect to interrogatory number 26, GM shall

2

provide the requested information for the past five (5) years. Finally, GM shall provide full and complete responses to interrogatories 28 and 29. To the extent that they have not already done so, GM shall produce all documents responsive to request for production number 50, and all documents responsive to requests for production 51 (from 1997 to present), 52 (from 1997 to present), 53 (from 1997 to present), 54 (from 1997 to present), 55 (as drafted), 56 (as drafted), 57 (from 1997 to present), and 58 (as drafted).

With respect to TRW, the court finds TRW's response to interrogatories 21, 22, 23, 24, and 26 to be adequate. Thus, Plaintiffs' motion to compel with respect to interrogatories 21 through 24, and 26 is denied. With respect to interrogatory number 25, TRW shall provide the requested information for the past five (5) years. TRW shall provide full and complete responses to interrogatories 27 and 28. Regarding plaintiffs' requests for production, the court finds TRW's response to 28 adequate. Plaintiffs' motion to compel with respect to request for production number 28 is denied. In response to requests for production 29 and 30, TRW states that it "has no documents in its possession regarding the development of this retractor" and that its attempts to acquire such documents have been unsuccessful to date. TRW shall make every effort to obtain the requested documents and produce them to plaintiffs. Plaintiffs' motion to compel production with respect to request for production 31 is denied insofar as the court deems TRW's response to be sufficient. Should TRW find additional responsive documents, it shall produce them to the plaintiffs at once. To the extent that TRW has found documents responsive to request for production numbers 32 and 33 (from 1997 to present), it shall produce them to plaintiffs. The court finds TRW's response to request for production 34 to be adequate. Plaintiffs' motion to compel with respect to request for production 34 is denied. Request for production number 35 seeks documents relating to a "state of the art" defense. TRW responded that it has no documents responsive to this request. In responding to interrogatories, however, TRW does not foreclose the possibility of it raising a "state of the art" defense, and states further that this is a subject of expert testimony,

3

which will be disclosed in accordance with the agreed upon schedule Fed. R. Civ. P. 26. In light of this seeming inconsistency, the court finds it improbable that TRW possesses no documents regarding its "state of the art" defense. If TRW intends to rely on a "state of the art" defense at trial, it shall produce all responsive documents within 20 days of the date of this order.

Finally, plaintiffs' motion to clarify/expand scheduling order (docket number 69) is granted. Non-expert discovery shall be completed by September 30, 2006.

Upon the foregoing,

IT IS ORDERED that plaintiffs' motions to compel (docket numbers 62 and 68) are granted in part and denied in part, as set forth above. Plaintiffs' motion to clarify/expand scheduling order (docket number 69) is granted. The deadline to complete non-expert discovery is now September 30, 2006.

August 4, 2006.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT